SEALED

FILED - USDC - FLMD - ORL
SEP 9 2026 PM3:43

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 5:26-cr-103-TPB-PRL
18 U.S.C. § 2252A(a)(5)(B)

CHAN DARA MEAN

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Possession of Child Pornography)**

On or about August 25, 2026, in the Middle District of Florida, and elsewhere, the defendant,

**CHAN DARA MEAN,**

did knowingly possess material that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age, the depiction being specifically identified in the following computer files (identified by MD5 Hash), among others, 554c14e9ef9be7ba9e8fffb7e0bb9054; 1633fd1c96555708b78cd5d8c872f534; and 1e662c12f1fe88d944dbefb405a4efb3.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: a computer tower containing a SabrentRocketSSD_1TB hard drive seized from Chan Mean's residence on August 25, 2026.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

[redacted]
Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________
Sarah Janette Swartzberg
Assistant United States Attorney

By: ______________________
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
September 26

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

CHAN DARA MEAN

INDICTMENT

Violations: 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

A true bill,

[redacted] Foreperson

Filed in open court this 9th day

of September 2026.

_________________________
Clerk

Bail $____________________

GPO 863 525